# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **LORI ANN HAMILTON, individually and as Administrator of the Estate of Leslie Paul Jones, Deceased,** )<br>)<br>)<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**ROGERS COUNTY BOARD OF COUNTY COMMISSIONERS; SCOTT WALTON, individually and as Sheriff of the Rogers County Sheriff's Department; JOHN DOE, individually and as deputy sheriff of the Rogers County Sheriff's Department; and JANE DOE, individually and as deputy sheriff of the Rogers County Sheriff's Department** )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>**Defendants.** ) | Case No. 14-CV-0754-CVE-TLW |

## OPINION AND ORDER

Before the Court is the motion to dismiss (Dkt. # 9) of defendants Rogers County Board of County Commissioners (the County) and Sheriff Scott Walton. Pursuant to Fed. R. Civ. P. 12(b)(6), defendants move to dismiss plaintiff's claims (a federal claim under 42 U.S.C. § 1983 and state law claims for violation of the Oklahoma Governmental Tort Claims Act (GTCA), OKLA. STAT. tit. 51, § 151 et seq., negligence, and respondeat superior) for failure to state a claim upon which relief can be granted.[1] Dkt. # 9, at 4-12. In addition to specifically challenging the merits of each claim, defendants argue that plaintiff lacks standing to sue. Id. at 12-13. Plaintiff responds that she has

---

[1] In the motion to dismiss, defendants state that it is not clear whether plaintiff's claim for respondeat superior liability is asserted under state or federal law. Dkt. # 9, at 2. In her response, plaintiff clarifies that her respondeat superior claim is one of state law. Dkt. # 10, at 3.

standing and that the allegations in the petition are sufficient to survive a motion to dismiss. Dkt. # 10, at 5-14. Defendants have filed a reply. Dkt. # 11.

**I.**

On April 1, 2013, Leslie Paul Jones was being held in the Rogers County Jail (RCJ), pending trial. Dkt. # 2-2, at 4. He wrote a letter to plaintiff, informing her that he intended to commit suicide in prison and providing her with a detailed plan of how he would do so. Id. Plaintiff notified RCJ personnel of the letter and its contents. Id. The RCJ contacted a nearby mental health provider to evaluate Jones, although plaintiff was not informed of the results of this evaluation. Id. On April 29, 2013, while still in the RCJ, Jones committed suicide by electrocution. Id.

Plaintiff initiated this action in the district court for Rogers County, Oklahoma on December 4, 2014. Id. at 2, 5. She alleges four claims, one under federal law and three under state law. Id. at 5-9. Plaintiff brings these claims "individually and as administrator of the Estate of Leslie Paul Jones, deceased." Id. at 2. Defendants timely removed to this Court and now move to dismiss the case for, inter alia, lack of standing. Dkt. # 9, at 12. Attached to plaintiff's response is the last will and testament of Jones.[2] Dkt. # 10-1.

**II.**

In considering a motion to dismiss under Rule 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A

---

[2] Defendants do not argue that the document is not Jones's will. See Dkt. # 11, at 2. The Court assumes, for purposes of this opinion only, that the document is in fact Jones's will.

2

complaint must contain enough "facts to state a claim to relief that is plausible on its face"and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, LLC, 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

## III.

Plaintiff asserts that defendants violated Jones's rights under the Eighth Amendment, resulting in liability under 42 U.S.C. § 1983. Section 1983 provides that "[e]very person who . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) "that the alleged violation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42,

48 (1988) (citations omitted). Defendants argue that plaintiff lacks standing to sue under § 1983 because she has suffered no individual injury and because she is not the administrator of Jones's estate.³ Dkt. # 9, at 12.

A. Matters Outside the Pleadings

Before proceeding to the merits, the Court must determine if material outside the pleadings may be considered in ruling on this motion. Generally, consideration of materials outside of the pleadings requires the Court to convert a motion under Rule 12(b)(6) to a motion for summary judgment. FED. R. CIV. P. 12(d). However, "facts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment." Tal v. Hogan, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006) (citing Grynberg v. Koch Gateway Pipeline Co., 390 F.3d 1276, 1278 n.1 (10th Cir. 2004)). Likewise, the Court may consider matters outside the pleadings without conversion if the matters are "referred to in the complaint . . . are central to the plaintiff's claim and the parties do not dispute [their] authenticity." Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting Jacobsen v. Deseret Book Co., 287 F.3d 936, 941 (10th Cir. 2002)).

Defendants ask the Court to take judicial notice of certain state court docket sheets. Under Tenth Circuit precedent, the Court may take judicial notice of "facts which are part of its public records" and "matters that are verifiable with certainty." St. Louis Baptist Temple, Inc. v. FDIC, 605 F.2d 1169, 1172 (10th Cir. 1979). Oklahoma state court docket sheets are matters of public record subject to judicial notice, and this Court has previously taken judicial notice of such. Everbank Fin.

---

³  As this issue is dispositive of defendants' motion, the Court does not address defendants' other arguments.

4

Corp. v. Blair, No. 13-CV-0770-CVE-TLW, 2013 WL 6331676, at *1 n.1 (N.D. Okla. Dec. 5, 2013). The Court hereby takes judicial notice of all state court docket sheets involving plaintiff and Jones, and it will consider them in ruling on defendants' motion.

With her response, plaintiff attaches Jones's will. See Dkt. # 10-1. This document is not part of the public record, as it does not appear to have been filed with any court. See infra. Likewise, although defendants' do not contest the validity of the will, see Dkt. # 11, at 2, the document cannot be termed "verifiable with certainty." The will is not mentioned in the petition, and it is not "central" to any of plaintiff's claims. Thus, the Court cannot consider the will in deciding defendants' motion.

### B. Capacity to Sue

Plaintiff argues that she is the administrator of Jones's estate, and as such she has standing to sue.[4] Dkt. # 10, at 13. It appears that the parties are confusing the related concepts of standing to sue, which "involves determination whether the plaintiff can show an injury in fact traceable to the conduct of the defendant," Firestone v. Galbreath, 976 F.2d 279, 283 (6th Cir. 1992) (citing Allen v. Wright, 468 U.S. 737 (1984)), and capacity to sue, which is "a party's personal right to litigate in a federal court." Id. (quoting 6A CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE § 1542 (1990)). Defendants' argument is more correctly an argument that plaintiff lacks capacity

---

[4] In her response, plaintiff presents no argument that she makes any § 1983 claim on an individual basis. To the extent she would do so, her position cannot succeed, as "the general rule is that 'a litigant may only assert his own constitutional rights or immunities.'" McGowan v. State of Maryland, 366 U.S. 420, 429 (1961) (quoting United States v. Raines, 362 U.S. 17, 22 (1960)); see also Kemmerer Coal Co. v. Brigham Young Univ., 723 F.2d 54, 57 (1983). The petition clearly predicates the § 1983 claim on the violation of Jones's Eighth Amendment rights. Dkt. # 2-2, at 6-7.

5

to sue.[5] See Guinn v. Great W. Cas. Co., No. CIV-09-1198-D, 2010 WL 4363784 (W.D. Okla. Oct. 27, 2010); Payne v. McKune, No. 06-3010-JWL, 2007 WL 1019193 (D. Kan. April 4, 2007).

Rule 17 defines a party's capacity to sue and be sued in a district court. FED. R. CIV. P. 17; see also Esposito v. United States, 368 F.3d 1271, 1273. Under that rule, the capacity of an individual acting as a representative is governed by the law of the state where the district court is located. FED. R. CIV. P. 17(b)(3). The Court therefore applies Oklahoma law. The Tenth Circuit has held that the "federal remedy to be applied to § 1983 death cases . . . should be a survival action, brought by the estate of the deceased victim, in accord with § 1983's express statement that the liability is 'to the party injured.'" Berry v. City of Muskogee, Okla., 900 F.2d 1489, 1506-07 (10th Cir. 1990) (quoting 42 U.S.C. § 1983). As plaintiff has alleged constitutional violations resulting from Jones's death, Dkt. # 2-2, at 6-8, plaintiff's capacity to sue under § 1983 is controlled by the Oklahoma statutes for survival actions. "Rule 17's requirements are not jurisdictional, and a motion to dismiss based on lack of capacity to sue and be sued is properly analyzed pursuant to Rule 12(b)(6)." McClellan v. Bd. of Cnty. Comm'rs of Tulsa Cnty., 261 F.R.D. 595, 599 n.6 (N.D. Okla. 2009) (citations omitted).

Two Oklahoma statutes govern the capacity to sue for the wrongful death of another. The first statute states that

> [w]hen the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefor against the latter, or his or her personal representative if he or she is also deceased, if the former

---

[5] Under Rule 9, capacity need not be alleged in a party's pleading "except when required to show that the court has jurisdiction." FED. R. CIV. P. 9(a)(1)(A). A party seeking to raise the issue of capacity "must do so by a specific denial, which must state any supporting facts that are peculiarly within the party's knowledge." Id. 9(a)(2). The Court finds that defendants have adequately complied with the Rule 9 requirements for raising the issue of capacity.

might have maintained an action, had he or she lived, against the latter, or his or her representative, for an injury for the same act or omission.

OKLA. STAT. tit. 12, § 1053(A). The second statute states that where "no personal representative is or has been appointed, [a wrongful death] action . . . may be brought by the widow, or where there is no widow, by the next of kin of such deceased." Id. § 1054. Thus, the individuals with the capacity to bring a wrongful death action under Oklahoma law are: the personal representative of the estate; the decedent's spouse, if no personal representative has been appointed; or the decedent's next of kin, if no personal representative has been appointed and the decedent was unmarried. See Weeks v. Cessna Aircraft Co., 895 P.2d 731, 734 (Okla. Civ. App. 1994). Oklahoma courts have been clear and firm that, because the wrongful death action did not exist at common law but is a creation of statute, such an action "may be pressed *only* by persons authorized to bring it (§§ 1053 and 1054)." Ouellette v. State Farm Mut. Auto Ins. Co., 918 P.2d 1363, 1366 (Okla. 1994) (emphasis in original); see also Weavel v. U.S. Fidelity & Guar. Co., 852 P.2d 783, 784 (Okla. Civ. App. 1992) (citing Shawnee Gas & Elec. Co. v. Motesenbocker, 138 P. 790 (Okla. 1914)). Plaintiff relies solely on her status as personal representative of Jones's estate to establish her capacity to sue. Dkt. # 10, at 13.

Oklahoma statute states that "[n]o person has any power, as an executor, until he qualifies, except that, before letters have been issued, he may pay funeral charges and take necessary measures for the preservation of the estate." OKLA. STAT. tit. 84, § 17 (emphasis added). Status as personal representative, and the concomitant power to bring a wrongful death action, therefore depends on "qualif[ying]" as such. Implicit is the requirement that the individual must be qualified by the state court before whom the will is being probated. See OKLA. STAT. tit. 56, § 101 ("The court admitting a will to probate after the same is proved and allowed, must issue letters thereon to the persons

7

named therein as executors, . . . who must appear and qualify unless objections be made . . . ." (emphasis added)); see also Estate of Hughey v. C.I.R., 54 T.C.M. (CCH) 41 (1987) ("Under Oklahoma law, a person or heir must possess Letters Testamentary issued by an Oklahoma court before such person or heir can legally represent the deceased or his estate."); Constant v. Biggers, 550 P.2d 1337 (Okla. 1976); cf. Markham v. Allen, 326 U.S. 490, 494 (1946 ) ("[A] federal court has no jurisdiction to probate a will or administer an estate."). Thus, a personal representative named in a will lacks the power to take any action--save for those limited exceptions listed in § 17--until an Oklahoma court admits the will to probate, finds the person named in the will to be qualified, and appoints that person as personal representative. See OKLA. STAT. tit. 58, § 110 (stating that letters testamentary should include the following: "The last will of A B, deceased, having been proved and recorded in the county court of the county of _____, C D, who is named therein, is hereby appointed executor").

Defendants state that "[a] search of the public record and court dockets in the state of Oklahoma do not reveal any probate estate of Jones or any letters . . . giving Plaintiff the right to administer Jones' estate." Dkt. # 9, at 12. The Court has conducted its own search of Oklahoma's state court docket sheets concerning plaintiff and Jones,[6] and no docket sheet of a probate action for Jones is apparent. By contrast, a number of other proceedings involving Jones appear in the docket sheets of the district court from which this case was removed, including the criminal case which resulted in Jones's detention in the RCJ. See State v. Jones, No. CF-2011-732 (Dist. Ct. Rogers Cnty. 2011). Thus, it appears the will has not been admitted to probate. As a result, no one has qualified and been appointed personal representative of his estate.

---

[6] All Oklahoma state court docket sheets are available online at www.oscn.net/dockets/.

Plaintiff's argument that "[t]here is no other party more proper to bring this suit than the administrator named in Decedent's will" is unavailing. Dkt. # 10, at 13. While plaintiff may be named the personal representative of Jones's estate once probate proceedings begin, she is not the personal representative now. See OKLA. STAT. tit. 84, §§ 15, 151. Until an Oklahoma court appoints her to that position, however, she does not have the power to bring an action on behalf of the estate. Id. § 17. As a result, plaintiff lacks the capacity to bring the § 1983 claim in the petition, and accordingly that claim is dismissed for failure to state a claim upon which relief can be granted.

**IV.**

Plaintiff's remaining claims arise under state law. Pursuant to 28 U.S.C. § 1367(a), a federal court may exercise supplemental jurisdiction over claims related to the claims over which it has original jurisdiction. A district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3); see Gaston v. Ploeger, 297 F. App'x 738, 746 (10th Cir. 2008) (section 1367(c)(3) expressly permits a district court to decline to exercise supplemental jurisdiction over remaining state law claims after granting summary judgment in favor of defendant on federal law claims). This Court does not have original jurisdiction over plaintiff's GTCA, negligence, or respondeat superior claims, because those claims arise under state law and there is no diversity jurisdiction. The decision to exercise supplemental jurisdiction is discretionary, but courts should consider "the nature and extent of pretrial proceedings, judicial economy, convenience, and [whether] fairness would be served by retaining jurisdiction." Anglemyer v. Hamilton Cnty. Hosp., 58 F.3d 533, 541 (10th Cir. 1995) (quoting Thatcher Enters. v. Cache Cnty. Corp., 902 F.2d 1472, 1478 (10th Cir. 1990)).

The Court finds that the extent of the pretrial proceedings does not outweigh the interests that would be served by having plaintiff's state law claims tried in a state court. Judicial economy would be served by having the Oklahoma courts resolve issues of Oklahoma law. Further, the Tenth Circuit has "repeatedly recognized that this is the preferred practice." Gaston, 297 F. App'x at 746; see Smith v. City of Enid, 149 F.3d 1151, 1156 (10th Cir. 1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state law claims."); Ball v. Renner, 54 F.3d 664, 669 (10th Cir. 1995) (noting that there are "the best of reasons" for a district court to defer to a state court rather than retaining and disposing of state law claims). The Court declines to exercise supplemental jurisdiction over plaintiff's remaining state law claims.

**IT IS THEREFORE ORDERED** that defendants' motion to dismiss, Dkt. # 9, is **granted in part** as to plaintiff's claim under 42 U.S.C. § 1983 and **moot in part** as to plaintiff's claims under state law.

**IT IS FURTHER ORDERED** that plaintiff's federal claim under 42 U.S.C. § 1983 is dismissed for failure to state a claim.

**IT IS FURTHER ORDERED** that the Court Clerk **remand** this case (the remaining state law claims) to the District Court in and for Rogers County, State of Oklahoma.

**DATED** this 3rd day of April, 2015.

*/s/ Claire V. Eagan*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE